## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:

**KEVIN TREMBLAY,**

DEBTOR.

CHAPTER 7

BANKRUPTCY NO. 13-24230

HONORABLE BRUCE W. BLACK
CHIEF JUDGE

### COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant:                              Law Office of William J. Factor, Ltd.

Authorized to Provide                           Thomas B. Sullivan, Chapter 7 Trustee for the
Professional Services to:                       estate Kevin Tremblay

Period for Which                                November 11, 2013, through February 4, 2016.
Compensation is Sought:

Amount of Fees Sought:                          $      37,500.00

Amount of Expense                               $      0.00
Reimbursement Sought:

This is a:                                      First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $    0.00    .

{00052759}

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**KEVIN TREMBLAY,**<br><br>DEBTOR. | CHAPTER 7<br><br>BANKRUPTCY NO. 13-24230<br><br>HONORABLE BRUCE W. BLACK<br>CHIEF JUDGE<br><br>HEARING DATE: MAR. 4, 2016<br>HEARING TIME: 9:00 A.M. |

## <u>NOTICE OF APPLICATION</u>

**Please take notice** that on **Friday, March 4, 2016, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black in his usual Courtroom on the 2nd Floor of the Joliet City Hall building, at 150 West Jefferson Street on Joliet, Illinois, or in his absence, before any other judge who may be sitting in his place or stead, and shall then and there present the ***First and Final Application of FactorLaw for Compensation and Reimbursement of Expenses***, a copy of which is attached hereto and herewith served upon you.

Dated: February 5, 2016

THE LAW OFFICES OF
    WILLIAM J. FACTOR, LTD.

By: */s/ Sara E. Lorber*
    One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7227
Fax:    (847) 574-8233

{00052759}

## CERTIFICATE OF SERVICE

I, Sara E. Lorber, an attorney, hereby certify that on February 5, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing Notice of Application and the accompanying Application be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below, and by US Mail on the debtor and all creditors who have filed proofs of claim in this Case.

*/s/ Sara E. Lorber*

## SERVICE LIST

**Registrants**
(Service via ECF)

- **Michelle Andres**   mandres@evlawgroup.com
- **Shannon Condon**   scondon@gkwwlaw.com
- **Daniel P. Dawson**   ddawson@nisen.com, adrag@nisen.com
- **Denise A Delaurent**   USTPRegion11.es.ecf@usdoj.gov, Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov
- **William J Factor**   wfactor@wfactorlaw.com,
- **Michael E Fleck**   mfleck@flecklaw.net
- **Maria Georgopoulos**   nd-three@il.cslegal.com
- **David Paul Holtkamp**   dholtkamp@wfactorlaw.com,
- **Ariane Holtschlag**   aholtschlag@wfactorlaw.com,
- **Nicole J Kelly**   nkelly@cmk.com, dchavez@cmk.com;bblume@cmk.com;bcarroll@cmk.com
- **Micah R Krohn**   mkrohn@fgllp.com, ccarpenter@fgllp.com;csmith@fgllp.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Karl H Schook**   karl.schook@rsg-law.com
- **Thomas B Sullivan**   tsullivan@wfactorlaw.com,
- **Stephen G Wolfe**   steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov

**Non-Registrants**
(Service via U.S. Mail)

| | |
|---|---|
| **Ally Financial**<br>PO Box 380902<br>Bloomington, MN 55438 | **Internal Revenue Service**<br>PO Box 802502<br>Cincinnati, OH 45280 |
| **City Ntl Bk/Ocwen Loan Service**<br>Attn: Bankruptcy<br>P.O. Box 24738 West Palm Beach, FL 33416 | **Joji Takada, solely as Ch. 7 Trustee of Cornhusker**<br>c/o Zane Zielinski<br>6336 N. Cicero Ave. Ste. 201<br>Chicago, IL 60646 |
| **Cornhusker RBM LLC**<br>c/o Thomas Brabec Attorney<br>18154 Harwood Ave #204<br>Homewood, IL 60430 | **Joji Takada, solely as Ch. 7 Trustee of Cornhusker**<br>c/o Zane L. Zielinski<br>6336 N. Cicero Ave. Ste. 201<br>Chicago, IL 60646 |
| **Edward Flynn, Scott Fuqua, Thomas Juskiewicz,**<br>Randy Scianna, Jonathan Westrich<br>Law Offices of Thomas E Brabec<br>18154 Harwood Ave, Suite 204<br>Homewood, IL 60430 | **MB Financial**<br>6111 North River Road<br>Rosemont, IL 60018 |
| **Illinois Department of Revenue**<br>PO BOX 19035<br>Springfield, IL 62794-9035 | **Old Second National Bank**<br>37 S. River Street<br>Aurora, Illinois 60506 |
| **Kevin Tremblay**<br>11770 Azure Dr.<br>Frankfort, IL 60423 | **Shaw Gussis Fishman Glant**<br>321 N. Clark S-800<br>Chicago, IL 60610 |
| | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:

**KEVIN TREMBLAY,**

DEBTOR.

CHAPTER 7

BANKRUPTCY NO. 13-24230

HONORABLE BRUCE W. BLACK
CHIEF JUDGE

HEARING DATE: MAR. 4, 2016
HEARING TIME: 9:00 A.M.

## FIRST AND FINAL APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Office of William J. Factor, Ltd. ("*FactorLaw*"), counsel for Thomas B. Sullivan, not individually but as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of Kevin Tremblay files this application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$37,500.00** for legal services performed by FactorLaw during the period November 11, 2013, through and including February 4, 2016 (the "*Application Period*"). In support of its Application, FactorLaw states as follows:

### JURISDICTION

1.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.     Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00052759}

## BACKGROUND

4.     On June 12, 2013 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5.     Thomas B. Sullivan was duly appointed and qualified Chapter 7 trustee of the Case.

6.     In the course of his investigation and with the assistance of the U.S. Trustee's office, the Trustee determined that there were assets for administration, including causes of action that would likely require the prosecution of adversary proceedings or contested matters (the "***Litigation Matters***").

7.     The causes of action available to the Trustee were: (a) a claim for turnover of stock indirectly owned by the Debtor, (b) fraudulent transfer and avoidance action claims against the Debtor's wife, and a jeweler, and (c) a fraudulent transfer claim against the Debtor's financial advisor.  The Trustee required the assistance of counsel to pursue these claims, including, to file and prosecute necessary turnover actions and fraudulent transfer claims.

## I.     The Retention of FactorLaw.

8.     On November 23, 2013, the Trustee filed an Application to Employ FactorLaw effective as of November 11, 2013.  The Application sought approval of employment on a 1/3 contingency bases on the Litigation Matters and on an hourly basis for general counsel work. Dkt. No. 39.  On January 10, 2014, the Court granted that order authorizing the Trustee to employ William J. Factor and the Law Offices of William J. Factor.  The Order provides:

> The Trustee is authorized to employ and retain William J. Factor and The Law Office of William J. Factor, Ltd. (collectively "FactorLaw"), pursuant to 11

{00052759}

U.S.C. § 327(a), effective as of November 11, 2013, as
general counsel to the Trustee on an hourly basis for
all matter that are not Litigation Matters (as defined
in the Application);

The Trustee is further authorized to employ and retain
FactorLaw on a 1/3 contingency fee basis to pursue all
Litigation Matters as defined in the Application, i.e.,
all available avoidance actions, turnover actions, and
any other state or federal causes of action that the
Estate may hold.

9.     As provided in the Application, the compensation for FactorLaw
was structured this was to ameliorate the possibility that the Estate would
be administratively insolvent if there was little recovery at the end.
Further, the contingency provided proper incentive to FactorLaw to pursue
only those claims that were economically reasonable to pursue.  Under
these circumstance this structure was in the best interest of the Estate,
and the Court approved it.

## II.    Litigation Matters.

10.    After FactorLaw was retained it prosecuted the Litigations
Matters for the Trustee.  FactorLaw conducted 2004 examinations of both
the Debtor and his wife and discovered that the Debtor was the sole owner
of EMJ Management, LLC (“**EMJ**”).  The Debtor failed to disclose this on
his original schedules.  From 2011 on, EMJ's only asset was 10,000 shares
of stock in LWCBancorp, Inc., the holding company for Lincoln-Way
Community Bank.  The Debtor asserted these shares were close to
valueless but after more investigation, it was revealed that the shares were
extremely valuable.   FactorLaw obtained turnover of the shares without
having to file a turnover action against EMJ or the Debtor.  On behalf the
Trustee, FactorLaw obtained a purchaser for the shares, and prosecuted a
motion for approval to sell the shares for $100,000, which was approved by
the Court.

{00052759}

11.    Second, through discovery conducted by FactorLaw, the Trustee discovered that there were a number of avoidable transfers to the Debtor's wife and a jeweler the Debtor's wife had sold an asset to.  FactorLaw filed a complaint and prosecuted the action against the Debtor's wife and the jeweler.  The action was ultimately settled with the Debtor's wife for $4,000 and for $2,500 with the jeweler for a total of $6,500.  FactorLaw prosecuted the settlement motions, which this Court approved.

12.    Third, the Trustee discovered, again through investigation conducted by FactorLaw, that the Debtor had transferred his Harley Davidson motorcycle to his personal financial planner for about half its book value at the time.  FactorLaw drafted a complaint for fraudulent transfers against the transferor.  Instead of litigation this claim the parties agreed to a settlement amount of $6,000.  Factorlaw prosecuted the settlement motion.

13.    In total, the Litigation Matters lead to recovery of $112,500 for the Estate.

## BASIS FOR THE REQUESTED RELIEF

14.    Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

15.    Section 328(a) of the Bankruptcy Code permits the Trustee, subject to this Court's approval, to employ or authorize the employment of a professional person under Section 327 "on any reasonable terms and conditions of employment, including … ***on a contingent fee basis***." 11 U.S.C. § 328(a)(emphasis added).

16.    Section 328 was enacted precisely for situations like the present; where the lodestar amount is less than the amount owed pursuant to a contingency fee arrangement. In *In re Merry-Go-Round Enters.*, 244 B.R. 327, 330 (Bankr. D. Md. 2000), a law firm represented the Chapter 7 trustee as special counsel and when the lawsuit settled requested approval of a $ 71,200,000 contingent fee, representing its 40% contingent fee agreement with the trustee. The debtors' largest unsecured creditor objected, contending that an affirmative post-recovery reasonableness lodestar analysis under 11 U.S.C.S. § 330(a) was required. The bankruptcy court disagreed, and awarded the full $71,200,000, holding that a de novo reasonable fee determination and lodestar analysis of what fee should be awarded the applicant was neither required nor appropriate in light of Section 328.

17.    The Court approved FactorLaw's retention on a contingency fee basis with regard to the Litigation Matters and hourly on general counsel matters.

18.    **<u>Exhibit A</u>** apprises the Court of the time detail for the work rendered by the Firm. As noted on **<u>Exhibit A</u>**, FactorLaw has incurred total fees of $17,200.00.

19.    Independent of the time expended, FactorLaw seeks allowance of total fees equal to $37,500.00, which is one-third of the gross recovery from the Litigation Matters. FactorLaw is willing to waive any additional entitlement to fees incurred for services unrelated to the Litigations Matters and expenses.

{00052759}

20.    No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

21.    No compensation has been promised to FactorLaw other than as disclosed or approved by this Court.  FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

22.    Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## NOTICE AND NO PRIOR REQUEST

23.    Twenty-one days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's counsel; (iv) the Debtor's creditors; and (v) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

24.    No previous fee applications have been submitted by the FactorLaw and FactorLaw has not received any funds prior to this fee application to compensate it for its services to the Estate. This is thus FactorLaw's first and final fee application.

## CONCLUSION

**WHEREFORE**, the Firm respectfully requests that the Court enter an Order (a) allowing and awarding the Firm fees in the amount of $37,500; (b) authorizing the Trustee to pay the Allowed Fees immediately; and (c) granting such other and further relief as this Court deems just and appropriate.

{00052759}

Dated: February 5, 2016                          **THE LAW OFFICES OF
                                                 WILLIAM J. FACTOR, LTD.**

                                                 By: _/s/ Sara E. Lorber_____
                                                     One of Its Attorneys

William J. Factor (6205675)
Sara E. Lorber (6229740)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:      (312) 373-7227
Fax:      (847) 574-8233

{00052759}